# Budnar, Appellant, v. Mineral Railroad and Mining Company.

*Negligence—Master and servant—Death—Contributory negligence—Nonsuit.*

In an action against a coal mining company to recover damages for the death of plaintiff's husband, a nonsuit was properly entered on the ground of the contributory negligence of the deceased, where it clearly appeared by the testimony of three coemployees that the place where the accident occurred was well lighted; that the deceased was thoroughly familiar with the situation and its surroundings, having worked there every day for six preceding weeks; and that his death was occasioned by his walking directly under a descending elevator cage, when it was but three or four feet above him.

Argued May 12, 1914. Appeal, No. 161, Jan. T., 1914, by plaintiff, from order of C. P. Northumberland Co., May T., 1913, No. 355, refusing to take off nonsuit in case of Annie Budnar v. Mineral Railroad and Mining Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before CUMMINGS, P. J.

The facts appear by the opinion of the Supreme Court.

At the close of the plaintiff's testimony, the court entered a nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off nonsuit.

*W. H. Unger,* with him *W. L. Snyder,* for appellant.

*W. H. M. Oram,* for appellee.

OPINION BY MR. JUSTICE BROWN, May 22, 1914:
Appellant's husband was a miner in the employ of the

appellee, which owned and operated a coal mine in Northumberland County, this State. The defendant company had two cages at the mine for letting down and bringing up men working in it, for hoisting coal and for lowering empty cars. These cages were so operated that when one of them ascended to the mouth of the mine the other descended to the bottom of the shaft. In going into the mine on the morning of July 12, 1912, the appellant's husband descended in the south cage, coming out of it on the east side. A little while afterwards he lighted his lamp and started apparently for his work, when he was crushed to death by the descent of the north cage upon him. In this action, brought by his widow, the court below directed a nonsuit, on the ground of the contributory negligence of her husband, and, from the refusal to take it off, she has appealed.

Any presumption that the deceased had been exercising due care when the cage descended upon him was so clearly overcome by the testimony of three coemployees, that the trial judge was constrained to hold there could be no recovery. These three witnesses were with the deceased at the bottom of the shaft at the time he was killed. It was well lighted, one of the witnesses testifying "there was enough lights there to see plainly all around"; and the deceased was thoroughly familiar with the situation and all its surroundings, having worked there every day for the six preceding weeks. While two of the witnesses did not see the cage descending upon him, and were, therefore, not able to tell just how the accident happened, the third, who saw it, clearly and unmistakably describes just how the unfortunate death occurred. His testimony was that the deceased, after lighting his lamp, went directly towards the cage and walked right into the sump, a slight depression at the foot of the shaft, under the cage, and that when he got under the cage it was descending upon him but four or five feet above him. Under this testimony the contributory negligence of the deceased was

not a question of fact for the jury, but a necessary legal conclusion, from which the court could not escape. The very instant the deceased stepped into the sump the consequences of his negligence were brought home to him: McDonald v. Iron & Coal Company, 135 Pa. 1. Further discussion is uncalled for.

Judgment affirmed.